# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CHARLES NELSON II,

    Plaintiff,

v.                             Case No. CV404-207

KEVIN CHANEY, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The federal defendants have filed a motion to dismiss plaintiff's amended complaint in the above case. Doc. 51. Defendants claim that this Court lacks subject matter jurisdiction to address plaintiff's tort claims alleging negligence and assault and battery under the Federal Tort Claims Act. Defendants further argue that plaintiff's allegations of negligent failure to train, denial of access to courts, and of a conspiracy among defendants to deprive him of constitutional rights fail to state claims upon which relief can be granted. Id. For the reasons that follow, the Court recommends that plaintiff's complaint be DISMISSED.

## I. Background

Plaintiff filed the instant complaint against the United States Drug Enforcement Administration (DEA) and four of its agents on December 6, 2004. Doc. 1.[1] The initial complaint asserts claims under 42 U.S.C. §§ 1983 and 1985 and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., stemming from plaintiff's May 24, 2001 arrest on drug charges. Id. Plaintiff alleges that several DEA agents injured him by using excessive force during his arrest and committing assaults and batteries against him. Id. Plaintiff further alleges that a DEA supervisor's failure to train his agents properly was an additional cause of his injuries. Id. Plaintiff finally alleges that several defendants conspired to deprive him of his constitutional rights and that he was denied access to the courts to assert his rights. Id.

After initial review of the complaint, the Court construed plaintiff's various claims against the DEA agents under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than

---

[1] Plaintiff filed an essentially identical complaint on January 8, 2004 which was ultimately dismissed for failure to prosecute. See CV404-004, doc. 5, 8. The Eleventh Circuit affirmed this dismissal in an unpublished opinion. Id., doc. 27.

under 42 U.S.C. §§ 1983 and 1985 as plaintiff originally proposed, since those provisions do not provide a plaintiff with a cause of action against individuals acting under authority granted by federal law. Doc. 8. Plaintiff filed a motion to amend his complaint on August 18, 2005 in accordance with the initial review, proposing to substitute the United States as defendant for the DEA in his FTCA claims and to add a jurisdictional basis under Bivens for his allegations against the various DEA agents. Doc. 35. The Court granted this motion on September 1, 2005. Doc. 45.

Defendants filed this motion to dismiss plaintiff's amended complaint on October 31, 2005, claiming that the Court lacks subject matter jurisdiction to decide plaintiff's FTCA claims and that some of plaintiff's Bivens allegations fail to state claims for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Doc. 51. Plaintiff responded to this motion on November 28, 2005, contending that the Court's initial review determined that plaintiff's complaint stated cognizable claims and asking the Court to deny defendants' motion. Doc. 52. Alternatively, plaintiff asks the Court to defer ruling on the motion until after trial. Id.

## II. FTCA Claims

The Federal Tort Claims Act waives sovereign immunity and makes the United States liable in tort for the negligence or wrongful conduct of its employees.[2] 28 U.S.C. §§ 2671-2680. As amended, plaintiff has two FTCA claims before the Court: against defendants Barden, Chaney, and Allen for assault and battery (count two of the original complaint)[3] and against the United States for failure to train (count four of the original complaint). Defendants ask the Court to dismiss these FTCA claims on the ground that plaintiff failed to comply with the statutory requirements for bringing an action under the FTCA. Doc. 51.

Congress has established two prerequisites to filing a claim under the FTCA. The FTCA prohibits the institution of a tort action against the

---

[2]A 1988 amendment to the FTCA confers absolute immunity upon government employees for common law torts, making an FTCA action against the United States the exclusive remedy for torts committed by government employees in the scope of their employment. Federal Employees Liability Reform and Tort Compensation Act, codified at 28 U.S.C. § 2679(b)(1). This amendment, however, specifically exempts damages actions against government employees "for a violation of the Constitution of the United States." Id. at § 2679(b)(2)(A); United States v. Smith, 499 U.S. 160, 165 (1991). By refusing to declare the FTCA the exclusive remedy for constitutional torts, Congress declined to overturn the Supreme Court's prior holding that the FTCA was not meant to preempt a Bivens remedy against individual officials alleged to have violated a plaintiff's constitutional rights. Carlson v. Green, 446 U.S. 14, 19-20 (1980).

[3]The FTCA specifically allows plaintiffs to bring assault and battery claims against federal law enforcement officers. See 28 U.S.C. § 2680(h).

United States unless the claimant has first filed an administrative claim with the proper federal agency and that agency has denied the claim. 28 U.S.C. § 2675(a). Since the United States is immune from suit in tort except to the extent that it consents to be sued, it has long been recognized in this circuit that the exhaustion of administrative remedies is a jurisdictional requisite for the filing of an action under the FTCA. Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981), made binding by Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981).

Second, Congress has created an explicit limitations period for claims brought under the FTCA. See 28 U.S.C. § 2401(b); Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001). In construing the statute of limitations in FTCA cases, the Court cannot extend the period beyond that which Congress authorized. Phillips, 260 F.3d at 1318 (citing United States v. Kubrick, 444 U.S. 111, 117-18 (1979)). The limitations period is such that "a tort claim against the United States will be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial

of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

In this case, plaintiff did not file a claim for administrative relief until January 28, 2004.[4] The two-year statute of limitations provided by § 2401(b) for filing a tort claim against the United States expired on May 24, 2003, two years after the events giving rise to plaintiff's claim occurred. Thus, plaintiff's administrative complaint was extremely belated when filed on January 28, 2004. Plaintiff's complaint is also untimely for another reason, since he failed to file the complaint within six months after the agency denied his claim, as required by § 2401(b). The DEA denied plaintiff's petition for administrative relief on May 28, 2004. Doc. 51, Gov't Ex. 1. When plaintiff filed the instant action on December 6, 2004, the six month period had elapsed and plaintiff's complaint was untimely. Under either limitations period, plaintiff is forever barred from seeking relief for these claims in the federal courts.[5] 28 U.S.C. § 2401(b). Therefore, the

---

[4]The government attached to its motion the declaration of Bettie E. Goldman, the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to DEA under the FTCA, which states that plaintiff filed his administrative appeal on January 28, 2004. Doc. 51, Gov't Ex. 1.

[5]In his response to the motion to dismiss, plaintiff argues that defendants did not affirmatively raise the statute of limitations defense in their answer as required by Fed. R. Civ. P. 8(c), and should be prohibited from raising it in a motion to dismiss. Although the circuits are split on whether the FTCA statute of limitations is jurisdictional, the Eleventh Circuit has held that § 2401 is jurisdictional. "The district court has

Court recommends that plaintiff's FTCA claims be DISMISSED.

## III. Bivens claims

Plaintiff has asserted various Bivens claims against defendants arising from his May 24, 2001 arrest. Plaintiff claims that defendants Barden, Chaney, and Allen violated his constitutional rights by using excessive force against him during his arrest. Doc. 1. He further alleges that defendant Sisco contributed to his injuries by failing to properly train his subordinate agents. Id. Finally, plaintiff claims defendants Barden, Chaney, Allen, Sisco, and Reese conspired to deprive him of his constitutional rights, and that Sisco and Reese deprived him of access to the courts. Id. Defendants argue that certain of these claims fails to state claims upon which relief may

---

jurisdiction over a claim under the FTCA only if the plaintiff has first applied to the appropriate agency and been denied." Keira v. United States Postal Inspection Service, 157 Fed. Appx. 135, 136 (11th Cir. 2005) (unpublished opinion) (affirming district court dismissal of plaintiff's FTCA claims where administrative claim not brought to agency within two years of accrual of claim). See also Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 1997) ("failure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and must dismiss it"), cert. denied, 542 U.S. 903 (2004); Johnson v. United States, 2005 WL 1605822 (W.D. Tex. June 30, 2005). But see Hughes v. United States, 263 F.3d 272 (3d Cir. 2001) (since equitable tolling may apply to FTCA's statute of limitations, it is not jurisdictional and therefore a waivable affirmative defense).

7

be granted. Doc. 51.[6]

Congress has significantly changed the procedures for handling civil actions brought by prisoners. Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321. Under the PLRA generally and 28 U.S.C. § 1915A in particular, the Court has an obligation to review prisoner complaints and dismiss those it finds frivolous. The Eleventh Circuit recognized the importance of this screening in a recent unpublished opinion upholding a district court's dismissal of a prisoner complaint as time-barred during a second frivolity review under § 1915A. McKenzie v. United States Department of Justice, et al., 143 Fed. Appx. 165 (11th Cir. 2005) (despite its initial conclusion that plaintiff's complaint was not frivolous, the district court did not err in dismissing plaintiff's complaint after a second frivolity review demonstrated that plaintiff failed to file his complaint within the statute of limitations). Regarding the second review under § 1915A, the Eleventh Circuit stated that "the wording of § 1915A does not indicate that a district court may only conduct one review of a prisoner's *pro se* civil

---

[6]The government did not to assert a statute of limitations defense to these Bivens claims in its answer or in its motion to dismiss. As the Court will explain, it finds these claims to be frivolous since the statute of limitations had long expired by the time plaintiff filed this action. Thus, the Court will not address defendants' contention that these claims fail to state claims upon which relief may be granted.

8

action." Id. at 168 (italics in original).

In reviewing a prisoner complaint pursuant to 28 U.S.C. § 1915A, the court shall dismiss the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Eleventh Circuit has ruled that "the expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous" in review under 28 U.S.C. § 1915.[7] McKenzie, 143 Fed. Appx. at 167-168 (quoting Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990)); see also Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995) (upholding sua sponte dismissal of § 1983 action where face of complaint clearly established a statute of limitations defense); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (a claim which appears to have expired under the applicable statute of limitations may be dismissed as frivolous), cert. denied, 502 U.S. 1063 (1992).

It is well settled that an action under 42 U.S.C. § 1983 arising in

---

[7]Although § 1915 review applies to litigants proceeding in forma pauperis and plaintiff has paid the filing fee in the instant case, the grounds for dismissal of a prisoner complaint under § 1915A are identical to those under § 1915. Compare 28 U.S.C. § 1915(e)(2)(B) with 28 U.S.C. § 1915A(b).

Georgia is barred if not brought within two years after the cause of action accrues. Mullinax v. McElhenney, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33; see also Wilson v. Garcia, 471 U.S. 261 (1985). The same statute of limitations that applies to claims brought under § 1983 also applies to Bivens claims. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). Therefore, a two year statute of limitations applies to the Bivens claims plaintiff asserts in this case.

The statute of limitations begins to run when the cause of action accrues. Kelly, 87 F.3d at 1238. A cause of action accrues when plaintiff knows or has reason to know of the injury that is the basis of the action. Mullinax, 817 F.2d at 716. In the instant case, all of plaintiff's Bivens claims arise from the same event — his arrest on May 24, 2001. Plaintiff's cause of action accrued for injuries allegedly resulting from his arrest on that date, and the statute of limitations began running at that time. The instant action was not filed until December 6, 2004, approximately three and one-half years later.

"To dismiss a prisoner's complaint as time-barred . . . it must appear

beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." McKenzie, 143 Fed. Appx. at 168 (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)) (internal quotations omitted). In the instant case, plaintiff asserts that he was unable to bring his claims against the agents during his criminal prosecution because that would have jeopardized his ability to obtain a plea bargain or favorable sentence. Doc. 1. He therefore asks the Court to toll the statute of limitations during his criminal prosecution. Id. The Court may apply the doctrine of equitable tolling to allow a plaintiff to pursue a claim after the statutory period has expired if the Court determines that inequitable circumstances prevented plaintiff from filing within the statutory period. See Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). Assuming, *arguendo*, that plaintiff's alleged inability to obtain a favorable plea agreement if he filed these claims during his criminal prosecution is a circumstance that warrants equitable tolling of the limitations period, plaintiff's instant complaint remains untimely.

In his criminal prosecution, plaintiff initially entered a plea of not guilty, which the Court accepted on July 27, 2001. See United States v.

Charles Nelson, II, Case No. CR401-172 (S.D. Ga., filed May 25, 2001). Plaintiff eventually entered into a plea agreement with the government and changed his plea to guilty. Id., doc. 98. The Court accepted the plea agreement and sentenced plaintiff on April 11, 2002. Id., doc. 112.

When the district court accepted plaintiff's plea agreement on April 11, 2002, the statute of limitations began to run,[8] and the last day for plaintiff to bring any claims arising out of his arrest was April 12, 2004.[9] Plaintiff filed the instant complaint on December 6, 2004, well outside the two-year period following the acceptance of his plea agreement. Plaintiff fails to allege any other facts which may constitute inequitable circumstances and justify another extension of the limitations period, and therefore the instant complaint is untimely even under plaintiff's tolling theory.

Plaintiff's complaint fails to show any set of facts which, if proven,

---

[8] Although plaintiff appealed his sentence, the time the appeal was pending will not toll the statute of limitations. Plaintiff only claims that he delayed filing his complaint so that he could receive a favorable plea agreement. Thus, any tolling of the limitations period ended when plaintiff pled guilty and signed the plea agreement. During his appeal, he was no longer trying to curry favor with the government in order to secure a favorable sentence.

[9] April 11, 2004 was a Sunday, so the statute of limitations expired the following day.

would avoid the statute of limitations bar in the instant case. Consequently, plaintiff's Bivens claims are time-barred and must be DISMISSED as frivolous. Clark, 915 F.2d at 640 n.2.

## IV. Conclusion

Based on the foregoing, the Court recommends plaintiff's complaint be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 10TH day of **March, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA